**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BINE-AMIN TOKHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 09-335(EGS) | |
| v. ) | |
| ) | |
| RITE AID CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the Court is plaintiff's motion for entry of a protective order and defendant's request for an order requiring plaintiff to attend and submit to a mental examination pursuant to Federal Rule of Civil Procedure 35. Upon consideration of plaintiff's motion, the response and reply thereto, the applicable law, and for the reasons stated below, the Court **GRANTS** plaintiff's motion for entry of a protective order and **DENIES** defendant's request for an order directing plaintiff to attend a psychiatric examination.

**I.   Background**

Plaintiff Bine-Amin Tokhi ("Tokhi"), a former employee of defendant Rite Aid Corporation ("Rite Aid"), filed this action on February 20, 2009, alleging wrongful termination in violation of the public policy exception to the at-will employment doctrine and negligent retention. Compl. ¶ 1. Plaintiff is seeking "[a]ll relief legally available to him," including, but not

limited to, reinstatement, economic damages, compensatory damages, and punitive damages.  Compl. ¶ 143.  Defendant answered the complaint on March 17, 2009, and the parties have been engaged in discovery since April 2009.

The pending motion involves a discovery dispute that arose after Rite Aid indicated that it would "like to make arrangements for Plaintiff to submit to examination by a psychiatrist pursuant to Rule 35 of the Federal Rules of Civil Procedure."  *See* Def.'s Ex. 2.  In response to this request, plaintiff filed a motion for a protective order with the Court.  In its opposition brief, defendant formally requested that plaintiff be ordered to attend and submit to a mental examination by Dr. Brian Schulman, M.D.  *See* Def.'s Br. at 6.  The examination would consist of "an interview, the administration of various psychiatric rating scales and questions regarding Mr. Tokhi's prior medical, psychological and employment history[.]"  Def.'s Br. at 6.  Plaintiff's motion for a protective order and defendant's request for a mental examination are now ripe for determination by the Court.

## II.  Legal Standard and Analysis

Federal Rule of Civil Procedure 35(a) provides that an order for a mental examination may be made only on "motion for good cause and on notice to all parties and the person to be examined."  Fed. R. Civ. P. 35(a)(2).  In *Schlagenhauf v. Holder*,

2

379 U.S. 104 (1964), the Supreme Court clarified that a Rule 35 examination should be ordered only if the party requesting the examination has adequately demonstrated that the party's mental or physical condition is "in controversy" and that there is "good cause" for the examination requested.  *Id.* at 119; *see also id.* at 118, 121-22 (explaining that there must be a "greater showing of need" under Rule 35 than under other discovery rules, and emphasizing that "[m]ental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule" in order to prevent the "untoward result" of routine examinations).

As the parties acknowledge in their briefing, there is a split among courts regarding whether a plaintiff puts his mental condition "in controversy" by seeking damages for emotional distress as a result of employment discrimination.  The D.C. Circuit has not yet addressed the issue.[1]  A minority of courts has held that a plaintiff places his mental condition "in controversy" by simply making a claim for emotional distress

---

[1]     Despite defendant's assertion to the contrary, there is no settled "rule of law within this Circuit" regarding mental examinations under Rule 35.  Def.'s Br. at 5.  *See, e.g.*, *Benham v. Rice*, 238 F.R.D. 15, 27-29 (D.D.C. 2006) (following the "minority view" and ordering a psychiatric examination), *rev'd in relevant part*, No. 03-1127-HHK, Mem. Op. & Order, Docket No. 115 (D.D.C. Sept. 14, 2007) (adopting the "majority view" and determining that a mental examination was unwarranted); *see also Nunskey v. Lambright*, 251 F.R.D. 3, 7 (D.D.C. 2008) (following the "minority view" "in the absence of controlling authority to the contrary").

damages as part of an employment discrimination claim.  *See, e.g.*, *Nunskey v. Lambright*, 251 F.R.D. 3, 7 (D.D.C. 2008) ("[I]t has been my view that an employee who seeks compensatory damages for emotional pain suffered as a result of employer's action has placed the existence and extent of their alleged mental injury in controversy, giving the employer good cause to seek examination." (internal quotation marks omitted)).  The majority of courts, however, will not require a plaintiff to submit to a psychiatric examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is present: "(1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; [or] (5) plaintiff concedes that [his] mental condition is 'in controversy' within the meaning of Fed. R. Civ. P. 35(a)."  *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D. Col. 1998).  Under this "majority view," a Rule 35 mental examination should not be ordered unless the plaintiff has asserted something more than a "garden variety" claim of emotional distress.  *See, e.g.*, *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995) ("The weight of the authority on this issue establishes that in order for a party

seeking to compel a psychiatric examination under Rule 35 to establish that the other party's mental condition is 'in controversy' within the meaning of the Rule, the moving party must show more than that the party in question has claimed emotional distress.").

In this case, plaintiff alleges that he was unlawfully terminated by defendant. Compl. ¶ 1. Plaintiff has not asserted a separate cause of action for intentional or negligent infliction of emotional distress. *See* Pl.'s Br. at 3-4. Mr. Tokhi has not alleged any specific mental or psychiatric injury, nor has he claimed unusually severe emotional distress. *See* Pl.'s Br. at 4. Instead, plaintiff alleges only that he "suffered garden variety emotional distress" as a result of his termination by Rite Aid, *see* Def.'s Ex. 1 at 23, and seeks compensatory damages related to the "humiliation, embarrassment, and indignity" associated with his allegedly unlawful termination. *See* Pl.'s Br. at 3 (explaining that plaintiffs who suffer unlawful discrimination are entitled to recover compensatory damages for "humiliation, embarrassment, and indignity" under D.C. law, as those injuries "flow naturally" from such discrimination (citing *Kennedy v. District of Columbia*, 654 A.2d 847, 863 (D.C. 1995))). Plaintiff represents that he "does not intend to offer expert testimony in support of [his]

claim for garden variety emotional distress damages." Pl.'s Br. at 4.

Having carefully considered the unsettled case law in this area and the facts of this case, the Court concludes that Mr. Tokhi did not put his mental condition "in controversy" within the meaning of Rule 35 by seeking damages for "garden variety" emotional distress stemming from his termination, nor has Rite Aid shown good cause for a psychiatric examination. In adopting the majority view regarding Rule 35 examinations, the Court is persuaded by Judge Kennedy's discussion in *Benham v. Rice*:

> The majority of courts that have examined the issue have concluded that a Rule 35 mental examination should not be ordered unless something more is involved than just a 'garden variety' claim of emotional distress. And there is good reason for such restraint. Extraordinarily intrusive as they invariably are, such orders would have an unwarranted chilling effect on persons who believe that they have been subjected to unlawful discrimination if they faced a physical or mental examination anytime they sought redress for such perceived discrimination. . . . To blithely order such exams in any civil rights case would 'open the floodgates to requests for mental examinations whenever a plaintiff alleged past pain and suffering in a routine [civil rights] case.'

No. 03-1127-HHK, Mem. Op. & Order, Docket No. 115 at 3 (D.D.C. Sept. 14, 2007) (quoting *Hodges v. Keane*, 145 F.R.D. 332, 335 (S.D.N.Y. 1993), internal citations omitted); *see also Turner*, 161 F.R.D. at 97 (rejecting the minority view that a claim for emotional distress without more is sufficient to put a party's mental state in controversy because "[i]f this were the law, then

6

mental examinations could be ordered whenever a plaintiff claimed emotional distress or mental anguish," and emphasizing that "Rule 35(a) was not meant to be applied in so broad a fashion").  In sum, this Court is unwilling to require a party to undergo a psychiatric examination simply because the party requests compensatory damages for emotional distress in an employment discrimination case; something more must be shown to satisfy the moving party's burden under Rule 35.  Accordingly, plaintiff's motion for a protective order is **GRANTED**.  Plaintiff need not submit to a Rule 35 mental examination as requested by defendant.  An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:    EMMET G. SULLIVAN**
              **United States District Judge**
              **October 20, 2009**